UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

RANDYE PATTON,
individually and on behalf of
all others similarly situated,

                Plaintiffs,

      v.

SEARS OUTLET STORES, LLC,

                Defendant.

Case No.: 14-CV-1176

JURY TRIAL DEMANDED

---

**PLAINTIFF'S MOTION FOR 29 U.S.C. § 216(b) CONDITIONAL CLASS CERTIFICATION and MOTION FOR FED. R. CIV. P. 23 CLASS CERTIFICATION**

---

Plaintiff Randye Patton, individually and on behalf of all others similarly situated, respectfully requests that this Court enter an Order entering and continuing Plaintiffs' Motions for 29 U.S.C. § 216(b) Conditional Class Certification and FED. R. CIV. P. 23 Class Certification, thereby preserving Plaintiff's ability to seek class-wide relief for similarly-situated employees, until such time as Plaintiff has had the opportunity to conduct appropriate discovery and file Amended Motions for 29 U.S.C. § 216(b) Conditional Class Certification and FED. R. CIV. P. 23 Class Certification. In support of these motions, Plaintiff states as follows:

1.      This lawsuit arises under the Fair Labor Standards Act of 1938, as amended ("FLSA") for Defendant's failure to pay Plaintiff and other similarly-situated former and current employees the mandated minimum wages for all hours

worked and overtime premium pay for all hours worked in excess of forty hours in a workweek. In addition, Plaintiff brings this lawsuit, individually and on behalf of all others similarly situated, for unpaid minimum wages, agreed upon wages, and overtime premium pay pursuant to Wisconsin wage and hour laws.

2.　　Plaintiff alleges that Defendant Sears Outlet Stores, LLC ("Sears Outlet") has had a common policy and/or practice of failing to compensate Plaintiff, the Collective Unpaid Meal Break Class, and the Wisconsin Unpaid Meal Break Class (collectively, "Unpaid Meal Break Classes") for meal periods of less than thirty minutes in duration. In addition, Plaintiff alleges that Sears Outlet has had a common policy/practice of impermissibly altering Plaintiff's, the Collective Altered Time Records Class', and the Wisconsin Altered Time Records Class' (collectively "Altered Time Records Classes") time records to reflect a decreased amount of compensable work hours. As a result of these common policies, Defendant has failed to pay Plaintiff and the putative classes' members for all hours in which they were suffered or permitted to work in violation of the FLSA and Wisconsin wage and hour laws.

3.　　The Collective Unpaid Meal Break Class and the Collective Altered Time Records Class are collectively referred to as the "Collective Classes" hereinafter.

4.　　Plaintiff and the members of the Collective Classes were employed at Sears Outlet in the three years prior to filing of the Complaint (ECF No. 1) in this matter and were not paid minimum wages for all work hours and/or overtime

2

premium wages for all hours that they were suffered or permitted in to work in excess of forty in a given workweek.

5.      Plaintiff and the members of the Collective Unpaid Meal Break Class are similarly situated to one another because, among other things, they are or were subjected to the Defendant's common policy and practice of failing to compensate Plaintiff and the putative class members for all meal periods of less than thirty minutes in duration.

6.      Plaintiff and the members of the Wisconsin Altered Time Records Class are similarly situated to one another because, among other things, they are or were subjected to the following common policies and practices:

     a.  Defendant's policy and/or practice of impermissibly altering Plaintiffs' and the putative class members' time records to reflect a decreased amount of compensable work hours;

     b.  Defendant's policy and/or practice of compensating Plaintiffs' and the putative class members on the basis of their altered time records rather than actual hours worked.

7.      The Wisconsin Unpaid Meal Break Class and the Wisconsin Altered Time Records Class are collectively referred to as the "FED. R. CIV. P. 23 Classes" hereinafter.

8.      Plaintiff and the members of the FED. R. CIV. P. 23 Classes were employed at Sears Outlet in the two years prior to filing of the Complaint (ECF No. 1) in this matter and were not paid overtime premium wages, minimum wages,

and agreed upon wages for all hours that they were suffered or permitted to work during that time.

9.     Plaintiff and the members of the Wisconsin Unpaid Meal Break Class are similarly situated to one another because, among other things, they are or were subjected to Defendant's common policy and practice of failing to compensate Plaintiff and the putative class members for all meal periods of less than thirty minutes in duration.

10.     Plaintiff and the members of the Wisconsin Altered Time Records Class are similarly situated to one another because, among other things, they are or were subjected to the following common policies and practices:

   a.  Defendant's policy and/or practice of impermissibly altering Plaintiffs'
       and the putative class members' time records to reflect a decreased
       amount of compensable work hours.

   b.  Defendant's policy and/or practice of compensating Plaintiffs' and the
       putative class members on the basis of their altered time records
       rather than actual hours worked.

11.     Plaintiff files this motion prior to the Defendant's answer under guidance from the Seventh Circuit Court of Appeals in *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011), in order to avoid a mootness issues that may result from a tender to the Named Plaintiff.

12.     In *Damasco*, the Seventh Circuit addressed the issue of how a plaintiff seeking relief for claims on a class-wide basis may be protected from having his or

4

her claims mooted by a FED. R. CIV. P. Rule 68 Offer of Judgment. In doing so, the

Seventh Circuit stated:

> [a] simple solution to the buy-off problem that Damasco identifies is
> available, and it does not require us to forge a new rule that runs afoul
> of Article III: Class-action plaintiffs can move to certify the class at the
> same time that they file their complaint. The pendency of that motion
> protects a putative class from attempts to buy off the named
> plaintiffs….If the parties have yet to fully develop the facts needed for
> certification, then they can also ask the district court to delay its ruling
> to provide time for additional discovery or investigation. In a variety of
> other contexts, we have allowed plaintiffs to request stays after filing
> suit in order to allow them to complete essential activities.

*Id.*

13.     Pursuant to *Damasco*, Plaintiffs ask that this Motion be entered and

continued in order that they may be able to conduct necessary class discovery to

support these motions. *Id.*

WHEREFORE, for the foregoing reasons, Plaintiff requests that the Court

enter an Order:

  a.  Entering and continuing Plaintiff's Motion for 29 U.S.C. § 216(b)

      Conditional Class Certification;

  b.  Entering and continuing Plaintiff's Motion for FED. R. CIV. P. 23 Class

      Certification;

  c.  Allowing expedited, limited class certification discovery;

  d.  Setting a schedule for Plaintiffs to file supplemental evidentiary

      materials and memoranda of law in support of each Motion; and

  e.  Providing such other relief as the Court deems appropriate under the

circumstances.

Dated this 23rd day of September 2014.

Respectfully submitted,

 s/ Timothy P. Maynard
Summer H. Murshid, SBN 1075404
Larry A. Johnson, SBN 1056619
Timothy P. Maynard, SBN 1080953
Attorneys for the Plaintiff
Hawks Quindel, S.C.
PO Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
Email:          smurshid@hq-law.com
                ljohnson@hq-law.com
                tmaynard@hq-law.com